FILED
2016 Jun-27 PM 02:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN HESS, et. al., ] | |
| ] | |
| Plaintiffs, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. |
| ] | 2:16-CV-00668-KOB |
| VOLKSWAGEN GROUP OF ] | |
| AMERICA, INC., ] | |
| ] | |
| Defendant. ] | |
| ] | |

### MEMORANDUM OPINION

This case is before the court on the following motions: "Plaintiffs' Motion to Remand..." (doc. 3); "Plaintiffs' Motion and Memorandum in Support of a Rule 55 Default Judgment" (doc. 14); "Plaintiffs' Renewed Motion and Memorandum in Support of a Rule 55 Default Judgment or in the Alternative for Clarification" (doc. 22); "Defendant VWGoA's Motion for a Stay and Request for Expedited Consideration," (doc. 18), which requests a stay of all proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation transferring this action to a consolidated Mulidistrict Litigation case, *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 2672; and Defendant's "Request for a Ruling on its Motion for Extension of Time" (doc. 19), referring to a request in its original motion to stay (doc. 4). These motions have received thorough briefing.

For the reasons stated in this Memorandum Opinion, the court WILL DEFER RULING on the motion to remand, and that motion will be carried with the case if it is transferred; WILL

1

DENY both the Plaintiffs' motion for default judgment and the renewed motion for default judgment; WILL GRANT Volkswagen's request for an extension of time to file a responsive pleading; and WILL GRANT the motion to stay, including the request for a stay of its obligation to file a responsive pleading.

**<u>Background</u>**

This case is one of hundreds of similar actions filed across the country asserting that Defendant installed illegal devices in certain diesel automobiles to avoid detection of their lack of compliance with EPA emissions regulations. The instant case was originally filed in Jefferson County Circuit Court, and Defendant removed it to this court on April 26, 2016. On the next day, Plaintiffs filed a motion to remand (doc. 3), and Defendant immediately filed its first motion to stay these proceedings pending transfer to MDL proceedings, which motion included a request that Volkswagen's obligation to file any responsive pleadings be stayed (doc. 4).

The MDL to which the motion to stay refers was established in late 2015. On April 28, 2016, the JPML entered Conditional Transfer Order 38, which conditionally transferred a number of tag-along cases, including this case, to the MDL. Plaintiffs filed a notice of opposition and a motion to vacate that conditional transfer, and these motions regarding the instant case are apparently still pending before the Judicial Panel on Multidistrict Litigation.

On May 26, 2016, the magistrate judge to whom this case was previously assigned held a status conference. The next day, prior to the court's entering a ruling on Defendant's motion to stay, the Plaintiffs filed a motion for default judgment (doc. 14), which remains pending; indeed, the Plaintiffs have recently filed a renewed motion for default judgment (doc. 22). According to Defendant, the Plaintiffs did not communicate to Defendant at the status conference their

2

intention of filing a motion for default judgment, although they filed it the next day. Also on May 27, 2016 and after the Plaintiffs filed their motion, the magistrate judge entered a text order (doc. 15), denying the motion to stay without explanation. That text order denying the stay did not provide the Defendant with a deadline by which to Answer in light of the ruling.

On June 2, 2016, a Notice of Reassignment was entered, stating that this case was reassigned to the undersigned because the parties did not unanimously consent to the dispositive jurisdiction by a magistrate judge. Also on June 2, 2016, the JPML ruled on the motions to vacate of plaintiffs in 40 actions conditionally transferred to MDL No 2672, which did not include the motion to vacate filed by the Plaintiffs in this action. Those motions by other plaintiffs requested the panel to vacate its orders conditionally transferring their cases to the MDL "primarily based on the pendency of their motions to remand their respective actions to state court." The JPML ordered that the cases be transferred despite the pendency of the motions to remand, explaining that "Plaintiffs can present their motions for remand to the transferee judge." (Doc. 18-3 in the instant suit; doc. 1716 in MDL No. 2672).

In early June, the transfer to MDL 2672 of some of the Alabama cases was finalized. *See, e.g., Benson v. Volkswagen Group of Am., Inc.,* No. 16-CV-169-HGD (N. D. Ala.) (doc. 6 transferring on June 6, 2016); *Marino v. Volkswagen Group of Am., Inc.,* No. 16-CV-280-RDP (doc. 12 transferring on June 6, 2016).

On June 9, 2016, the Defendant in the instant action filed its second motion to stay (doc. 18) and a response opposing the motion for default judgment (doc. 19). Plaintiffs immediately filed a response (doc. 20) to the motion to stay, arguing, among other things, that this court should deny the motion because the magistrate judge had already ruled against a stay; because no

federal jurisdiction exists as alleged in the pending motion to remand; and because judicial economy favors a resolution in this court.

**Plaintiff's Two Motions for Default Judgment and Defendant's Motion for Extension**

Plaintiffs filed the motion for default judgment, and then a renewed motion, requesting that this court enter a Rule 55 default judgment against Volkswagen because of its failure to abide by Rule 81(c)(2), which provides that a "defendant who did not answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." Fed. R. Civ. P 81(c)(2). The record reflects that Volkswagen received service on March 28, 2016, and 21 days from that date is April 18, 2016. The removal occurred on April 26, 2016, so the Plaintiffs are correct that the longest of the listed periods would be 7 days after removal, which would have been May 3, 2016.

No dispute exists that Volkswagen did not file an Answer or responsive pleading by May 3, 2016. It had not filed an Answer or responsive pleading by May 27, 2016, the date that the Plaintiffs filed the motion for default, and it has still not filed or attempted to file an Answer or responsive pleading. However, Volkswagen has filed an appearance and vigorously defended this case in other ways: removing the case and filing a motion to stay proceedings, "including [Volkswagen's] obligation to file any responsive pleadings." It made the request that the stay encompass its obligation to file a responsive pleading at least *three* separate times in the motion to stay. (Doc. 4, at 5, 6 & 12). Accordingly, the Plaintiffs' characterization of Volkswagen's actions as ignoring the rules that require it to respond is unfair.

Given Volkswagen's repeated requests that the stay encompass its obligation to file a responsive pleading, the filing of the motion for default judgment *before* the magistrate judge ruled on the motion to stay appears to be precipitous and smacks of gamesmanship. Volkswagen's response to the motion for default judgment also states that its counsel "was surprised to receive Plaintiff's motion, especially given that the parties attended a status conference the previous day during which Plaintiff's counsel said nothing about filing it." (Doc. 19, at 3). Litigation in federal court is no place for games, especially "gotcha" games.

The Plaintiffs quote Rule 55's language and claim that Volkswagen "has failed to plead or otherwise defend." The court disagrees; Volkswagen has appeared and vigorously defended this lawsuit. It requested a stay that would include its obligation to file a responsive pleading, and it should have a reasonable time after that request was denied to file that responsive pleading. After the stay was initially denied and the Plaintiffs filed the motion for default judgment, Volkswagen filed a response to the motion for default judgment that included a "Request for Ruling on its Motion for Extension of Time" which was the essence—if not the exact wording—of its request that the stay include its obligation to file a responsive pleading.

The Eleventh Circuit instructs that "there is a strong policy of determining cases on their merits, and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003). "Entry of judgment by default is a drastic remedy which should be used only in extreme situations ...." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985). That drastic remedy is not appropriate in this case when Volkswagen has vigorously defended itself, and this court, like Volkswagen, is surprised that the Plaintiffs should request it.

The court WILL DENY both the Plaintiffs' motion for default judgment and the renewed

motion, and WILL GRANT Volkswagen's request for an extension of time to file a responsive pleading, an extension that will be addressed below in the ruling on the motion to stay.

In their renewed motion for default judgment, Plaintiffs added an alternative request for clarification of Judge Putnam's May 27, 2016 Order, which provides that "Defendants may file any response within 14 days." (Doc. 16). The undersigned did not enter the Order, but a reasonable reading of that Order is that Defendant was required to do what it did: respond to the *motion* on or before June 10, 2016. Volkswagen filed a response on June 9, 2016, and thus, followed its reading of the Order. The Plaintiffs say that they understood the Order to require a response to the *Complaint*, and this court acknowledges that the Order was ambiguous in that it did not specify to what document the Defendant was required to respond. However, this court does not characterize the Defendant's reasonable interpretation of and response to the May 27, 2106 Text Order as deliberately flouting that Order.

**Motion to Stay**

The Defendant's motion to stay invokes this court's discretion. "The inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982). This authority to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). Rule 18 of the Rules of the Judicial Panel on Multidistrict Litigation indicates that pendency of a conditional transfer order to an MDL does not limit the pretrial jurisdiction of the district court that is potentially the transfer court; accordingly "a district judge should not automatically stay

discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.,* 980 F. Supp. 1348, 1360 (C.D. Cal. 1997) (citing Manual for Complex Litig., Third, at 252 (1995)). However, "where a multi-district proceeding has been established, courts have routinely stayed motions pending rulings by the JPML." *Royal Park Invs. SA/NV v. Bank of Am. Corp.,* 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013); *see Rivers,* 980 F. Supp. at 1362 (stating that "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.").

Courts should consider three factors when determining whether a stay is appropriate pending the Panel's consideration of whether to transfer the case: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers,* 908 F. Supp. at 1360; *see also Jozwiak v. Stryker Corp.,* 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010) (quoting the same language in *Rives* with approval).

In the instant case, Plaintiffs assert that they would be prejudiced if the case were stayed as they have "fully briefed the issues" regarding jurisdiction and remand in this court and "are eager to litigate their claims in a court that has jurisdiction." (Resp. Doc. 20, at 11).  If this court does not address the remand and if the case is indeed transferred, they will suffer delays as they meet with another set of lawyers for Volkswagen and wait for the lifting of the stay that the MDL transferee court has ordered for all motions to remand (MDL 2672, Doc. 1390), and for re-briefing the entire motion before the transferee court.  Further, they claim that they would suffer

duplicative costs of re-briefing what has already been briefed here.

As to the second factor addressing hardship and prejudice to the movant, Volkswagen stated that this case is only one of hundreds of virtually identical actions, and that, absent a stay in each of those cases, including this one, it would be "saddled with the time and substantial costs of responding, perhaps unnecessarily, to hundreds of complaints, discovery requirements and deadlines, inconsistent pretrial obligations, and potentially other inconsistent rulings." (Motion to Stay, doc. 18, at 9).  Volkswagen points to the motion for default judgment in the instant case, which Plaintiffs filed on the same day that the magistrate judge denied the first motion to stay, as one example of the prejudice that Volkswagen will face absent a stay when facing litigation on multiple fronts.

The court agrees with Volkswagen that the prejudice it will suffer if this case is not stayed outweighs any prejudice that the Plaintiffs will suffer from a stay.

As to the third factor of judicial economy, the parties predictably disagree about whether a stay promotes that factor.  The Plaintiffs argue that denying the stay would conserve judicial resources because this court would then address the motion to remand, which Plaintiffs contend is due to be granted, and then the case would return to state court instead of being consolidated with the MDL.  On the other hand, if this court stays the case and if the case is eventually transferred and consolidated with the MDL, Plaintiffs insist that the transferee court will eventually figure out that no jurisdiction exists and will remand the cases, including this one, to numerous state courts, with all of the interim time and effort wasted.  Of course, that argument assumes that no federal jurisdiction exists, which is yet to be determined.

To the extent that this argument also assumes that motions to remand are more

appropriately resolved by the original district court, not the transferee court, the court notes that the JPML has already addressed that argument asserted in 40 other related cases and rejected it, finding that the transferee judge can resolve those motions to remand in a consistent manner. (Doc. 18-3 in this case).

The Plaintiffs insist that the JPML has not decided that jurisdictional matters are *best* resolved by the transferee judge. Undoubtedly, the original district court has the power to decide motions before the case is actually transferred, but that does not mean that the original district court *should* exercise that power in its discretion. Regardless of whether the JPML found that the transferee judge is in the *best* position to decide motions to remand, it did decide that the existence of pending motions to remand in those cases should not prevent the transfer to the MDL of the cases in which they are pending. The court recognizes the Plaintiffs' argument that the instant suit asserts only claims under Alabama law, but notes that multiple related actions were originally filed in Alabama state court and, at least according to Volkswagen, also assert that their claims are based entirely under state law. Volkswagen's motion reflects that many of those cases originally filed in Alabama state court have been transferred to the MDL or have been conditionally transferred and that all or most involve motions to remand challenging federal jurisdiction for claims similar to those in the instant suit.

Where jurisdictional issues are common to other cases already pending before the MDL, and Volkswagen asserts that they are, those common issues should be decided by the transferee court overseeing the related cases: the decision by the transferee court would provide consistency and promote judicial economy. Those considerations of consistency and judicial economy outweigh any potential prejudice to the Plaintiffs from a short stay of proceedings. *See Good v.*

*Prudential Ins. Co. of Am.,* 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998).

If Plaintiffs are correct and this case is unique with unique issues, then, presumably, the JPML—which is in a better position to compare the claims and issues presented in this case with those consolidated in the MDL— will refuse to transfer the case.  This court will then address the pending motions free of worry that it is duplicating efforts, that it is potentially providing an inconsistent ruling, or that, in the midst of drafting an opinion, the case will be whisked away through transfer order, leaving behind a waste of this court's own judicial resources.

The court WILL GRANT Volkswagen's motion to stay, including its request that Volkswagen's obligation to file a responsive pleading be stayed.  If the case is transferred for consolidation with the MDL, the stay will remain in effect until the transferee court says otherwise.  If the Panel determines that this case is not appropriate for transfer to MDL 2672, then the stay shall remain in effect until after this court rules on the motion to remand or orders otherwise.

The court acknowledges that this result differs from the ruling on the first motion to stay filed in this case.  Because the undersigned did not rule on that motion and because the text order denying it does not provide an explanation for the ruling, the undersigned does not know the reasons underlying that denial.  In any event, subsequent to the denial, important developments have occurred involving the MDL and other related cases—those filed around the country and those originally filed in Alabama state court.  As discussed earlier, after the ruling on the first motion to stay, the JPML addressed arguments and objections of plaintiffs in 40 actions and found that the pending motions to remand in those actions did not prevent their being transferred to the MDL and that determination of these motions asserting lack of federal jurisdiction would

be appropriate by the transferee court. (Doc. 183). Further, after the ruling on the first motion to stay, the transfer to MDL2672 was finalized as to at least two cases filed in Alabama state court and asserting claims under Alabama state law; those cases with claims under Alabama state law are now consolidated in the MDL.

Based on all of the information currently before this court, including the recent developments that had not yet occurred at the time of the ruling on the original motion to stay, this court has RECONSIDERED the efficacy of a stay, and finds, in its discretion, that the stay should be entered.

**Motion to Remand**

Consistent with its ruling on the motion to stay, the court WILL DEFER ruling on the motion to remand. As discussed earlier, the JPML has frequently approved the transfer of actions to an MDL transferee court when a motion to remand were pending in those actions, and has already approved the transfer of cases to MDL 2672 with pending motions to remand, including those transferred from Alabama district courts. Judge Charles Breyer, who presides over MDL 2672, has already established a plan to resolve motions to remand in the cases that are transferred to him. (Doc. # 1087) (Pretrial Order No. 8). If this case is transferred to Judge Breyer, the motion to remand will be carried with the case.

Dated this 27th day of June, 2016.

/s/ Karon O. Bowdre
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE